■ DAVID SWEENEY, JR., Respondent, v SHALOM FOGEL et al., Defendants, and HEBREW INSTITUTE OF LONG ISLAND, Appellant. — In a negligence action to recover damages for personal injuries, defendant Hebrew Institute of Long Island appeals from (1) an order of Supreme Court, Suffolk County, dated February 13, 1980, which granted plaintiff's motion to strike the appellant's answer for failure to comply with certain discovery orders, (2) an order of the same court dated April 4, 1980, which denied appellant's motion for reargument, and (3) a further order of the same court dated September 12, 1980, which denied appellant's motion to renew. Appeal from order dated April 4, 1980 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated September 12, 1980 reversed, without costs or disbursements, motion to renew is granted and upon renewal, the order dated February 13, 1980 is vacated and plaintiff's motion is denied on condition that within 30 days after service upon the appellant of a copy of the order to be made hereon, together with notice of entry thereof, appellant (1) comply with the orders of discovery in question and (2) pay the sum of $1,500, $750 to plaintiff and $750 to plaintiff's counsel. In the event either of the conditions is not complied with, order affirmed, without costs or disbursements. Appeal from order dated February 13, 1980 dismissed, without costs or disbursements, in light of the determination on the appeal from the order dated September 12, 1980. It would appear from the record that there has been a continued failure to comply with, and obstruction of, no less than four court orders for disclosure by the appellant. While such conduct cannot be tolerated by the judicial system, we exercise our discretion to impose the sanctions provided herein, in lieu of striking the appellant's answer. Hopkins, J.P., Damiani, Lazer and Cohalan, JJ., concur.